IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TRAMAINE E. MARTIN,**

    **Plaintiff,**

                      **Case No. 2:21-cv-175**
                      **Judge James L. Graham**
    v.                **Magistrate Judge Elizabeth P. Deavers**

**JEFFERSON COUNTY DEPARTMENT
OF HUMAN RESOURCES,** *et al.***,**

    **Defendants.**

## ORDER AND INITIAL SCREEN REPORT AND RECOMMENDATION

Plaintiff Tramaine E. Martin's request for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2) is **GRANTED**.  (ECF No. 1.)  Although Plaintiff admits having had four previous lawsuits dismissed on the grounds that his claims were frivolous, malicious, or failed to state a claim upon relief may be granted, Plaintiff now alleges to be in imminent danger of serious physical injury as he allegedly suffers complications related to contracting Covid-19. (ECF No. 1-1 at PAGEID # 12.)  Accordingly, the Court finds Plaintiff's Motion to be well-taken.  Plaintiff is required to pay the full amount of the Court's $350 filing fee.  28 U.S.C. § 1915(b)(1).

Plaintiff's January 6, 2021, account statement reveals that he currently possesses the sum of $0.02 in his prison account, which is insufficient to pay the full filing fee.  Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust account (A701090) at the Noble Correctional Institution is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the

average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six-months immediately preceding the filing of the Complaint.

After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00 until the full fee of $350.00 has been paid to the Clerk of this Court. 28 U.S.C. § 1915(b)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Checks should be made payable to: Clerk, United States District Court. The checks should be sent to:

> Prisoner Accounts Receivable
> 260 U.S. Courthouse
> 85 Marconi Boulevard
> Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

It is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid. The Clerk of Court is **DIRECTED** to mail a copy of this Order to the prison cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

This matter is also before the Court for an initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2), 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. Having performed the initial screen of the Complaint required by 28 U.S.C. §§ 1915(e), 1915A, for the reasons that follow, it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** in its entirety.

**I.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
>     \*    \*    \*
>
>     (B) the action or appeal--
>
>     (i) is frivolous or malicious;
>
>     (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the

---

[1] Formerly 28 U.S.C. § 1915(d).

3

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd*., *P'Ship v. Flagstar Bank*, *F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* ain complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

4

## II.

Plaintiff alleges that he is a type-2 diabetic and he has suffered complications after contracting Covid-19 while incarcerated.  (*See* ECF No. 1-1 at PAGEID # 12.)  Plaintiff alleges that he needs access to his coronavirus economic impact ("stimulus") check to afford hygiene products and food supplements.  He contends that he does not have access to his stimulus check because it was "intercepted" by Defendant Jefferson County Department of Human Resources ("JCDHR") to satisfy a disputed debt.  (*Id.*)  Plaintiff alleges that Defendant JCDHR "fraudulently" applied to the Treasury Offset Program to intercept his stimulus check.  Plaintiff asserts that he was not afforded due process before the check was forwarded to Defendant JCDHR.  (*Id.* at PAGEID ## 12-13.)  Plaintiff alleges that because there "remains an active case" in state court, there is no debt for Defendant JCDHR to claim, and therefore Defendant JCDHR is not entitled to his stimulus check.  (*Id.*)  Plaintiff also asserts an equal protection claim against Defendant United States Secretary of Treasury (the "Treasury Secretary") for erroneously and unlawfully forwarding Plaintiff's stimulus check to Defendant JCDHR.  (*Id.* at PAGEID # 13.)

Plaintiff seeks $12,000 in compensatory damages and $6,000 in punitive damages from Defendant JCDHR, as well as $1,200 in compensatory damages and $600 in punitive damages from Defendant Treasury Secretary.  (*Id.* at PAGEID # 14.)

## III.

The Undersigned finds that Plaintiff has failed to state plausible claims for relief against Defendants JCDHR and Treasury Secretary.  First, regarding Plaintiff's claim against Defendant JCDHR, it is well settled that "'[f]ederal courts are courts of limited jurisdiction.'"  *Rasul v. Bush*, 542 U.S. 466, 489 (2004) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).  "The basic statutory grants of federal court subject-matter jurisdiction are

contained in 28 U.S.C. § 1331, which provides for '[f]ederal-question' jurisdiction, and § 1332, which provides for '[d]iversity of citizenship jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006).

  A doctrine known as *Rooker-Feldman* further limits this Court's jurisdiction to adjudicate appeals from or collateral attacks on state-court rulings. *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415–16 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 476 (1983). "The *Rooker-Feldman* doctrine embodies the notion that appellate review of state-court decisions and the validity of state judicial proceedings is limited to the Supreme Court under 28 U.S.C. § 1257, and thus that federal district courts lack jurisdiction to review such matters." *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009). The *Rooker-Feldman* doctrine applies to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Ind. Corp.*, 544 U.S. 280, 284 (2005). "The pertinent question in determining whether a federal district court is precluded under the *Rooker-Feldman* doctrine from exercising subject-matter jurisdiction over a claim is whether the 'source of the injury' upon which plaintiff bases his federal claim is the state court judgment." *In re Cook*, 551 F.3d at 548.

  Applying the foregoing, the Undersigned concludes that the *Rooker-Feldman* doctrine operates to bar this Court from exercising jurisdiction over Plaintiff's claim against Defendant JCDHR. While Plaintiff blames Defendant JCDHR for "intercept[ing]" his stimulus check, the source of Plaintiff's alleged injury is not Defendant JCDHR but rather the Cuyahoga County Domestic Relations Court, which ordered income tax refund offsets for Plaintiff's overdue child support which totals over $50,000 as of September 22, 2020. (*See* ECF No. 1-1 at PAGEID ##

24-27.)  This Court does not have jurisdiction to review state-court judgments.  Only the United States Supreme Court has jurisdiction to review a case litigated and decided in a state court.  *See Gotfried v. Med. Planning Servs.*, 142 F.3d 326, 330 (6th Cir. 1998).  Under the *Rooker-Feldman* doctrine, a litigant cannot collaterally attack a state court judgment by filing a civil rights complaint.  *Feldman*, 460 U.S. at 486; *Rooker*, 263 U.S. at 416; *Ritter v. Ross*, 992 F.2d 750, 754 (7th Cir. 1993).  Accordingly, to the extent Plaintiff's claim against Defendant JCDHR seeks relief from state court judgments, that claim is barred under the *Rooker-Feldman* doctrine and must be dismissed as a result.

Additionally, unless the United States waives its sovereign immunity, a plaintiff cannot bring suit against it for monetary damages.  *United States v. Testan*, 424 U.S. 392, 399–400 (1976) (quoting *Eastport S.S. Corp. v. United States*, 372 F.2d 1002, 1009 (Ct. Cl. 1967)) ("[E]ntitlement to money damages depends upon 'whether any federal statute can 'fairly be interpreted as mandating compensation by the Federal Government for the [alleged] damage sustained.'").  Waivers of sovereign immunity must be expressed unequivocally and are "strictly construed" in favor of the government.  *See United States v. Idaho*, 508 U.S. 1, 6–7 (1993); *United States v. Nordic Vill., Inc.*, 503 U.S. 30, 34 (1992); *United States v. Mitchell*, 445 U.S. 535, 538 (1980).  Without a waiver of sovereign immunity, an action against the United States must be dismissed.  *Dunlap v. Lew*, No. 2:15-CV-2675, 2016 WL 2926310, at *3 (S.D. Ohio May 19, 2016), *aff'd*, No. 16-3658, 2017 WL 9496075 (6th Cir. June 2, 2017).

Sovereign immunity extends to agents and officers of the United States, including Defendant Treasury Secretary, to the extent they are sued in their official capacities.  *Wilson v. Big Sandy Health Care, Inc.*, 576 F.3d 329, 333 (6th Cir. 2009) (quoting *Center for Bio-Ethical Reform, Inc. v. City of Springboro*, 477 F.3d 807, 820 (6th Cir. 2007)).  Plaintiff therefore must

reference some statute waiving sovereign immunity for the type of suit which he now brings. *Penson v. Mnuchin*, No. 4:20-CV-0376, 2020 WL 4432935, at *2 (N.D. Ohio July 31, 2020) (dismissing action against Defendant Treasury Secretary for lack of subject matter jurisdiction on the basis of sovereign immunity). Plaintiff has not pointed to any such statute, however. Accordingly, his claim against Defendant Treasury Secretary must also be dismissed. *Id.*

For these reasons, it is **RECOMMENDED** that Plaintiff's claims against Defendants JCDHR and Treasury Secretary be **DISMISSED** in their entirety pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim for which relief can be granted.

### IV.

For the reasons explained above, it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** in its entirety for failure to state a claim upon which relief can be granted. The Clerk is **DIRECTED** to send a copy of this order to the Ohio Attorney General's Office, 150 E. Gay St., 16th Floor, Columbus, Ohio 43215. It is **FURTHER RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

### PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED.**

Date:  February 9, 2021                              /s/ *Elizabeth A. Preston Deavers*
                                                    ELIZABETH A. PRESTON DEAVERS
                                                    UNITED STATES MAGISTRATE JUDGE