IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TRAMAINE E. MARTIN,**

    **Plaintiff,**

                                          Case No. 2:21-cv-175
                                          Judge James L. Graham
    v.                                   Magistrate Judge Elizabeth P. Deavers

**JEFFERSON COUNTY DEPARTMENT
OF HUMAN RESOURCES,** *et al.***,**

    **Defendants.**

## REPORT AND RECOMMENDATION

Plaintiff Tramaine E. Martin, an Ohio resident proceeding without the assistance of counsel, brings this action against Defendants Jefferson County Department of Human Resources for State of Alabama.  This matter is before the Undersigned for an initial screen of Plaintiff's Amended Complaint, ECF No. 6, under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Amended Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A(b); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this action.

## I.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent."  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).

In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \* \* \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

---

[1] Formerly 28 U.S.C. § 1915(d).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* ain complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II.

Plaintiff initiated this action on January 19, 2021. (ECF No. 1.) In his Complaint, Plaintiff alleged that he is a type-2 diabetic and he has suffered complications after contracting COVID-19 while incarcerated. (*Id.* at PAGEID # 12.) Plaintiff alleged that he needs access to his coronavirus economic impact ("stimulus") check to afford hygiene products and food

3

supplements. He contended that he does not have access to his stimulus check because it was "intercepted" by Defendant Jefferson County Department of Human Resources ("JCDHR") to satisfy a disputed debt. (*Id.*) Plaintiff alleged that Defendant JCDHR "fraudulently" applied to the Treasury Offset Program to intercept his stimulus check. Plaintiff asserts that he was not afforded due process before the check was forwarded to Defendant JCDHR. (*Id.* at PAGEID ## 12-13.) Plaintiff alleged that because there "remains an active case" in state court, there is no debt for Defendant JCDHR to claim, and therefore Defendant JCDHR is not entitled to his stimulus check. (*Id.*) Plaintiff also asserted an equal protection claim against Defendant United States Secretary of Treasury (the "Treasury Secretary") for erroneously and unlawfully forwarding Plaintiff's stimulus check to Defendant JCDHR. (*Id.* at PAGEID # 13.) Plaintiff sought compensatory and punitive damages. (*Id.* at PAGEID # 14.)

On February 9, 2021, the Undersigned issued a Report and Recommendation recommending that Plaintiff's Complaint be dismissed in its entirety for failure to state a claim upon which relief can be granted. (ECF No. 2.) On February 22, 2021, Plaintiff filed an Objection to the Report and Recommendation and a Motion to Amend Complaint. (ECF Nos. 3, 4.) On February 24, 2021, the Court granted Plaintiff leave to amend his Complaint. (ECF No. 5.)

Plaintiff then filed an Amended Complaint on March 12, 2021. (ECF No. 6.) In the Amended Complaint, Plaintiff asserts claims against one defendant, Defendant Jefferson County Department of Human Resources for State of Alabama ("JCDHR"). Plaintiff again alleges that Defendant JCDHR "unlawfully intercepted [his] payment . . . without affording due process concerns involved." (*Id.* at PAGEID ## 47-48.) Plaintiff also alleges that "[h]ad due process been accorded, [he] would have readily established that Defendant lacked credible standing[] to

4

pursue an active debt [he has] with the CSEA of Cuyahoga County, Ohio." (*Id.* at PAGEID # 48.) Plaintiff alleges that "[t]his denial translated into actual injury" because he has pancreatitis and could not afford the supplemental diet to treat it. (*Id.*) Plaintiff alleges that he was forced to accept another medical approach to treat his pancreatitis, but he is allergic to the new medication. (*Id.* at PAGEID ## 48-49.) Plaintiff seeks $50,000 in actual damages and $25,000 in punitive damages. (*Id.* at PAGEID # 50.)

### III.

The Undersigned finds that Plaintiff's amendments have not saved his claim. Again, it is well settled that "'[f]ederal courts are courts of limited jurisdiction.'" *Rasul v. Bush*, 542 U.S. 466, 489 (2004) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for '[f]ederal-question' jurisdiction, and § 1332, which provides for '[d]iversity of citizenship jurisdiction.'" *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006).

Moreover, as discussed in the first Report and Recommendation, a doctrine known as *Rooker-Feldman* further limits this Court's jurisdiction to adjudicate appeals from or collateral attacks on state-court rulings. *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415–16 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 476 (1983). "The *Rooker-Feldman* doctrine embodies the notion that appellate review of state-court decisions and the validity of state judicial proceedings is limited to the Supreme Court under 28 U.S.C. § 1257, and thus that federal district courts lack jurisdiction to review such matters." *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009). The *Rooker-Feldman* doctrine applies to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those

judgments." *Exxon Mobil Corp. v. Saudi Basic Ind. Corp.*, 544 U.S. 280, 284 (2005). "The pertinent question in determining whether a federal district court is precluded under the *Rooker-Feldman* doctrine from exercising subject-matter jurisdiction over a claim is whether the 'source of the injury' upon which plaintiff bases his federal claim is the state court judgment." *In re Cook*, 551 F.3d at 548.

Applying the foregoing, the Undersigned again concludes that the *Rooker-Feldman* doctrine operates to bar this Court from exercising jurisdiction over Plaintiff's claim. While Plaintiff blames Defendant JCDHR for "intercept[ing]" his stimulus check, the source of Plaintiff's alleged injury is not Defendant JCDHR but rather the "active debt" Plaintiff has stemming from overdue child support. (ECF No. 6 at PAGEID # 48.) As Exhibit H to the Amended Complaint demonstrates, the Cuyahoga County Child Support Enforcement Agency ordered income tax refund offsets for Plaintiff's overdue child support totaling over $50,000 as of September 25, 2020. (ECF No. 6-8 at PAGEID ## 61-63.) Plaintiff alleges that the underlying child support case has been pending since 1999, but this Court does not have jurisdiction to review state-court judgments – including the orders of child support (and the corresponding tax refund offsets) to which Plaintiff is subject.[1] (ECF No. 6 at PAGEID # 48; *see also* ECF No. 6-8 at PAGEID ## 61-63.) Only the United States Supreme Court has jurisdiction to review a case litigated and decided in a state court. *See Gotfried v. Med. Planning Servs.*, 142 F.3d 326, 330 (6th Cir. 1998). Under the *Rooker-Feldman* doctrine, a litigant cannot collaterally

---

[1] The Court also notes that each Notice of Ohio Income Tax Refund Offset for Overdue Support which is attached as Exhibit H contains language expressly advising Plaintiff that "THE CSEA'S DECISION IS FINAL AND ENFORCEABLE," and instructing Plaintiff to mail a request to the CSEA "immediately" to request a review of the tax refund offsets. (*See* ECF No. 6-8.) Plaintiff also was instructed to contact the Ohio Department of Taxation to dispute a state income tax refund interception. (*Id.*)

attack a state court judgment by filing a civil rights complaint. *Feldman*, 460 U.S. at 486; *Rooker*, 263 U.S. at 416; *Ritter v. Ross*, 992 F.2d 750, 754 (7th Cir. 1993). Accordingly, to the extent Plaintiff's claim against Defendant JCDHR seeks relief from state court judgments, that claim is barred under the *Rooker-Feldman* doctrine and must be dismissed as a result.

### IV.

For the reasons explained above, it is **RECOMMENDED** that Plaintiff's Amended Complaint, ECF No. 6, be **DISMISSED** for failure to state a claim upon which relief can be granted. The Clerk is **DIRECTED** to send a copy of this order to the Ohio Attorney General's Office, 150 E. Gay St., 16th Floor, Columbus, Ohio 43215. It is **FURTHER RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

### PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g., Pfahler v. Nat'l Latex*

*Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

    **IT IS SO ORDERED.**

Date: April 12, 2021    /s/ *Elizabeth A. Preston Deavers*
                                              ELIZABETH A. PRESTON DEAVERS
                                              UNITED STATES MAGISTRATE JUDGE