IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Tramaine E. Martin,

    Plaintiff,

    v.                          Case No. 2:21-cv-175

Jefferson County Department
of Human Resources,

    Defendant.

OPINION AND ORDER

This is a civil rights action filed by plaintiff Tramaine E. Martin, proceeding pro se, against the Jefferson County, Alabama, Department of Human Resources. In his amended complaint[1] filed on March 12, 2021, plaintiff alleged that the United States Treasury Department transmitted his economic impact payment of $1,200 under the Coronavirus Aid, Relief, and Economic Security ("CARES") Act to defendant pursuant to defendant's fraudulent application for that payment to be applied to plaintiff's child support obligation in denial of his due process rights. Plaintiff alleged that defendant lacked standing to pursue a debt for child support owed to the Cuyahoga County Office of Child Support Services. Plaintiff further alleged that the economic impact payment was exempt from any debt collection.

On April 12, 2021, the magistrate judge filed a report and recommendation. The magistrate judge conducted an initial screen of plaintiff's complaint pursuant to 28 U.S.C. §1915A, which

---

[1]This amended complaint controls this court's analysis of the sufficiency of the complaint. Crosby v. Twitter, Inc., 921 F.3d 617, 619 (6th Cir. 2019); Parry v. Mohawk Motors of Michigan, Inc., 236 F.3d 299, 306 (6th Cir. 2000)(the amended complaint is the legally operative complaint).

requires the court, "in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," to dismiss a complaint that fails to state a claim upon which relief may be granted. 28 U.S.C. §1915A(a)-(b)(1). The magistrate judge recommended that the amended complaint be dismissed for failure to state a claim upon which relief may be granted.

I. Standard of Review

This matter is before the court for consideration of plaintiff's objection (Doc. 9) to the magistrate judge's report and recommendation. If a party objects within the allotted time to a report and recommendation, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1); see also Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1).

Title 28 U.S.C. §1915(e) requires the sua sponte dismissal of an action upon the court's determination that the action fails to state a claim upon which relief may be granted. Grinter v. Knight, 532 F.3d 567, 572 (6th Cir. 2008). Courts conducting initial screens under §1915(e) apply the motion to dismiss standard. See, e.g., Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010) (applying Fed. R. Civ. P. 12(b)(6) standards to review under 28 U.S.C. §§1915A and 1915(e)(2)(B)(ii)).

Courts ruling on a motion to dismiss under Rule 12(b)(6) construe the complaint in a light most favorable to the plaintiff,

2

accepting all well-pleaded allegations in the complaint as true, and determining whether plaintiff undoubtedly can prove no set of facts in support of those allegations that would entitle him to relief. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Bishop v. Lucent Techs., Inc., 520 F.3d 516, 519 (6th Cir. 2008). To survive a motion to dismiss, the "complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." Mezibov v. Allen, 411 F.3d 712, 716 (6th Cir. 2005).

II. Plaintiff's Objection

The magistrate judge concluded that this court's exercise of jurisdiction over plaintiff's claim is barred by the Rooker-Feldman doctrine. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). This doctrine holds that district courts lack subject matter jurisdiction to review a state court decision. McCormick v. Braverman, 451 F.3d 382, 289 (6th Cir. 2006). The doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005). The doctrine does not apply if the plaintiff presents some independent claim. Id. at 293. If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim. McCormick, 451 F.3d at 393.

Plaintiff argues in his objection that the Rooker-Feldman doctrine does not bar his claim. Plaintiff focuses on the fact

3

that the child support order originated in Cuyahoga County, Ohio. The complaint does not reveal how the child support payments ordered by the Cuyahoga County court have been redirected to the defendant. One likely explanation is that plaintiff's child now resides in Alabama. To the extent that plaintiff now seeks to attack some order of the Cuyahoga County Court or Cuyahoga County Office of Child Support Services transferring the authority to receive child support funds to the defendant in Alabama, his claim is barred by the Rooker-Feldman doctrine.

Plaintiff's amended complaint also includes allegations which do not seek to overturn the child support order, but rather challenge another injury: whether his economic impact payment could be diverted towards his child support arrearage. The court agrees that these allegations do not fall within the ambit of the Rooker-Feldman doctrine. However, these allegations nonetheless fail to state a claim for relief.

The economic impact payment provided for under the CARES Act is a tax credit allowed for the first taxable year beginning in 2020. 26 U.S.C. §6428. Under 42 U.S.C. §644, past-due child support can be collected from federal tax refunds. Upon notice from a state agency, the Secretary of the Treasury must determine if the refunds are payable, and withhold from those refunds an amount equal to the past due support. 42 U.S.C. §664(a)(1). Plaintiff summarily alleges that the defendant fraudulently applied under §644 to have his payment diverted to them to be applied to his child support obligation. However, to survive a motion to dismiss, he must state "with particularity the circumstances constituting fraud[.]" Fed. R. Civ. P. 9(b). Plaintiff has not

4

done so in this case.  In addition, his conclusory allegations concerning a denial of due process fail to state a claim for relief.  The record reveals that the Treasury Department provided plaintiff with the notice required under 42 U.S.C. §664(a)(3)(A) concerning how to challenge a payment he believed was applied in error.  See Doc. 6-4, Ex. D.

Plaintiff also alleges that his economic impact payment was an "earned income credit" which could not be seized to apply to a debt, in this case, his child support obligation.  He refers to Ohio Rev. Code §2329.66(A)(9)(f), which provides that payments under 26 U.S.C. §24 and 26 U.S.C. §32 are exempt from execution or attachment to satisfy a judgment or order.  Under 26 U.S.C. §24(a), a taxpayer is allowed a child tax credit in the amount of $1,000 for each qualifying child for which the taxpayer is allowed a deduction.  The economic impact payment under the CARES Act is not a child tax credit under §24(a).  Plaintiff has also failed to allege facts sufficient to show that he is a taxpayer entitled to claim a deduction for a qualifying child.  Under 26 U.S.C. §32, a taxpayer which meets the income limits specified in that section is entitled to an earned income credit.  However, no facts have been pleaded in the complaint that would indicate that plaintiff would meet these eligibility requirements.  The economic impact payment authorized under the CARES Act is codified as a tax credit under 26 U.S.C. §6428(a), which does not describe that payment as an earned income credit.  The CARES Act, Pub. L. 116-136 (Mar. 27, 2020) §2201(d)(1)-(d)(3), exempts the economic impact payment from setoff for certain types of debts, but past-due child support is not one of them.  See Butler v. CHFS, civil Action No. 6:20-234-WOB, 2020

5

WL 7322717, at *1 (E.D. Ky. Dec. 11, 2020). Accordingly, the CARES ACT stimulus payment can be garnished to pay past-due child support pursuant to §664 and 26 U.S.C. §6402(c). <u>Id.</u>

For the foregoing reasons, the court concludes that plaintiff's complaint fails to state a claim for which relief may be granted.

III. Conclusion

In accordance with the foregoing, the court adopts the report and recommendation (Doc. 7). The complaint is dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim for which relief may be granted. The clerk is directed to enter judgment dismissing this case.

Date: July 1, 2021                    <u>s/James L. Graham</u>
James L. Graham
United States District Judge