## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**TRAMAINE E. MARTIN,**

       **Plaintiff,**

                                     **Case No. 2:21-cv-175**
                                     **Judge James L. Graham**
      **v.**                                **Magistrate Judge Elizabeth P. Deavers**

**JEFFERSON COUNTY DEPARTMENT**
**OF HUMAN RESOURCES,** *et al.***,**

       **Defendants.**

### <u>REPORT AND RECOMMENDATION</u>

      This matter is before the Undersigned for consideration of the Motion for Relief from Judgment. (ECF No. 18.) For the reasons that follow, it is **RECOMMENDED** that the Court **DENY** the Motion for Relief from Judgment.

      Plaintiff initiated this action on January 19, 2021, and moved for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2). (ECF No. 1.) Although Plaintiff admitted having had four previous lawsuits dismissed on the grounds that his claims were frivolous, malicious, or failed to state a claim upon relief may be granted, Plaintiff alleged that he was "in imminent danger of serious physical injury" as he allegedly suffered complications related to pancreatitis after contracting Covid-19. (ECF No. 1-1 at PAGEID # 12.) On February 9, 2021, the Court considered these allegations and granted Plaintiff's motion to proceed *in forma pauperis*. (ECF No. 2.) In that Order, the Court ordered Plaintiff to pay the full amount of the Court's $350 filing fee, and set forth a payment protocol for doing so as follows:

> Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust account (A701090) at the Noble Correctional Institution is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an

initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six-months immediately preceding the filing of the Complaint.

After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00 until the full fee of $350.00 has been paid to the Clerk of this Court. 28 U.S.C. § 1915(b)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

(*Id.* at PAGEID ## 31-32.)

The Undersigned also performed an initial screen of Plaintiff's Complaint on February 9, 2021, and recommended that it be dismissed in its entirety. (*Id.*) On February 22, 2021, Plaintiff objected to the Undersigned's Report and Recommendation. (ECF No. 3.) Of note, Plaintiff did not object to the Court's ruling that Plaintiff be permitted to proceed *in forma pauperis*; nor did Plaintiff object to the payment protocol set forth by the Court. (*Id.*) Also on February 22, 2021, Plaintiff moved the Court for leave to amend the Complaint. (ECF No. 4.) The Court granted that request, so on March 12, 2021, Plaintiff filed an Amended Complaint. (ECF No. 6.) On April 12, 2021, however, the Undersigned performed an initial screen of Plaintiff's Amended Complaint and again recommended that it be dismissed in its entirety. (ECF No. 7.) On April 23, 2021, Plaintiff objected to that recommendation. (ECF No. 9.) Again, however, Plaintiff did not object to the Court's prior ruling that Plaintiff be permitted to proceed *in forma pauperis* or the payment protocol set forth by the Court. (*Id.*)

On July 1, 2021, the Court adopted the Undersigned's recommendation and dismissed Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim for which relief may be granted. (ECF No. 10.) On July 22, 2021, Plaintiff filed a Motion to Alter or Amend Opinion & Order, requesting that the Court amend its July 1, 2021 Order dismissing the Amended Complaint. (ECF No. 12.) On August 30, 2021, Plaintiff filed a

2

Motion to Supplement Motion to Alter or Amend Opinion & Order, seeking to supplement his July 22, 2021 filing with additional argument. (ECF No. 13.) Of note, Plaintiff again did not challenge the Court's order that he be permitted to proceed *in forma pauperis* in either of the July 22, 2021 or August 30, 2021 filings. (ECF Nos. 12, 13.) On September 30, 2021, the Court denied Plaintiff's motions to alter or amend its July 1, 2021 judgment. (ECF No. 14.)

On October 12, 2021, Plaintiff appealed the Court's July 1, 2021 and September 30, 2021 orders. (ECF No. 15.) On December 12, 2022, the United States Court of Appeals for the Sixth Circuit dismissed Plaintiff's motion for leave to proceed *in forma pauperis* on appeal. (ECF No. 17.) In reaching this decision, the Sixth Circuit held that "the side effects from [Plaintiff's] medication do not qualify as serious physical injuries," and that he "does not allege that he is not 'under the watch of medical professionals' . . . or that his condition is untreated." Ultimately, the Court of Appeals concluded Plaintiff had not properly alleged that he was under imminent danger of serious physical injury. (*Id.* (internal citations omitted).) The Sixth Circuit stated that "[u]nless [Plaintiff] pays the $505 filing fee to the district court within thirty days of the entry of this order, this appeal will be dismissed for want of prosecution." (*Id.*) Plaintiff did not pay the filing fee. Accordingly, April 19, 2023, the Sixth Circuit dismissed Plaintiff's appeal for want of prosecution. (ECF No. 19.)

On December 27, 2022, Plaintiff filed the subject Motion, seeking relief under Federal Rule of Civil Procedure 60(b)(5). (ECF No. 18.) Specifically, Plaintiff submits that because the Sixth Circuit denied his application to appeal *in forma pauperis*, that denial "in effect, reversed" this Court's order granting Plaintiff leave to proceed *in forma pauperis*. (*Id.*) Plaintiff argues that he "should have not been allowed to proceed [*in forma pauperis*] without full payment of the filing fee," and that "[j]ustice demands that [he] be relieved of further compliance" with the

3

Court's order directing him to pay the $350 filing fee for proceeding *in forma pauperis*. (*Id.*) In essence, it appears that Plaintiff wishes for the Court to stop withdrawing money from his inmate trust account, as set forth in the Court's February 2021 Order. (*See* ECF No. 2.)

Plaintiff's request is not well taken. While Plaintiff moves for relief under Federal Rule of Civil Procedure 60(b)(5), that rule only provides relief from a "final" judgment, order, or proceeding, as follows:

> [T]he court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: . . . (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application.

Fed. R. Civ. P. 60(b)(5); *see also Mallory v. Eyrich*, 922 F.2d 1273, 1277 (6th Cir. 1991) ("[B]y its terms, Rule 60(b) applies only to final judgments."). Here, however, Plaintiff moves for relief from the Court's order granting him leave to proceed *in forma pauperis* – specifically, the part of that Order which establishes regular payments from Plaintiff's inmate trust account to the Court to satisfy the $350.00 filing fee. (ECF No. 18.) Needless to say, the Court's preliminary order that Plaintiff could proceed *in forma pauperis* was not a "final" order for purposes of Rule 60(b). *See* Fed. R. Civ. P. 60 advisory committee's note to 1946 amendment ("The addition of the qualifying word 'final' emphasizes the character of the judgments, orders or proceedings from which Rule 60(b) affords relief[.]").

While Plaintiff stresses that Rule 60(b)(5) also allows a court to "relieve a party . . . from a[n] . . . order . . . [when] it is no longer equitable that the judgment should have prospective application," the Court's February 9, 2021 Order granting Plaintiff leave to proceed *in forma pauperis* does not fall into this category either. Fed. R. Civ. P. 60(b)(5). To this end, the Sixth Circuit has held that only "[i]njunctions (permanent or temporary), some declaratory judgments,

and particularly consent decrees" are the types of prospective judgments susceptible to a Rule 60(b)(5) challenge. *Kalamazoo River Study Grp. v. Rockwell Int'l Corp.*, 355 F.3d 574, 587-588 (6th Cir. 2004) (citing 12 James Wm. Moore, *Moore's Federal Practice* §§ 60.47[1]-[2]). The February 9, 2021 Order at issue certainly does not fall into any of these categories, as it only sets forth how Plaintiff will pay the (discounted) filing fee for proceeding *in forma pauperis*. (*See* ECF No. 2.)

On that note, the Court is troubled by Plaintiff's unusual request, as it seems Plaintiff is simply seeking relief from paying the filing fee in this matter. It is difficult to avoid this conclusion, as Plaintiff requests "that [he] be relieved of further compliance" with an Order directing him to pay $350.00 over time, while also arguing that he "should not have been allowed to proceed without full payment of the [$402.00] filing fee." (ECF No. 18.) Plaintiff perhaps tips his hand by acknowledging that refusal to pay the full ($402.00) filing fee would result in dismissal, which suggests to the Court that Plaintiff intends not to pay any additional filing fees now that his case has been dismissed.

If this is Plaintiff's actual intent, it is improper, as every Plaintiff in this Court – even those proceeding *in forma pauperis* – must pay the filing fee. *In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002) ("Not to require the payment of the full fee would permit a prisoner subject to the three-strikes rule to continue to file frivolous civil complaints—thus taking much valuable time away from other non-frivolous litigation—without any consequence beyond their mere dismissal under § 1915(g)."). It also is against Plaintiff's interest for the Court to revoke Plaintiff's ability to proceed *in forma pauperis* at this late stage – indeed, after the case has been dismissed and judgment entered – as Plaintiff still would have been responsible for paying the $402.00 filing fee even if the Court had denied him leave to proceed *in forma pauperis*. *See Hairston v. Jones*,

5

No. 4:21CV1971, 2023 WL 2330615, at *3 (N.D. Ohio Mar. 1, 2023) ("If Plaintiff does not pay the filing fee in full within the 30-day period, this case will be dismissed without prejudice, but Plaintiff will continue to be responsible for payment of the $402.00 filing fees.") (citing *Daniel v. Swajanen*, No. 2:21-CV-213, 2021 WL 5710775 (W.D. Mich. Dec. 2, 2021)). To be clear, Plaintiff always would have been responsible for paying the filing fee, but the Court only granted him the ability to pay a $350.00 filing fee over time, instead of a $402.00 filing fee all at once.

In this action, Plaintiff filed a Complaint, objected to a recommendation that the Complaint be dismissed, filed an Amended Complaint, objected to a recommendation that the Amended Complaint be dismissed, moved for reconsideration of the Court's dismissal of his Amended Complaint, and appealed the Court's dismissal of his Amended Complaint to the Sixth Circuit. Plaintiff may not now recover his filing fee, after litigating the merits of his case, even if the Court arguably should have denied him leave to proceed *in forma pauperis* at the outset. Plaintiff's request is exactly the kind of abuse of the judicial system that the "three strikes" rule was implemented to prevent, and Plaintiff's behavior should not be rewarded. *In re Alea*, 286 F.3d at 382 ("The intent of the PLRA was to deter such litigation and it would be anomalous for a provision of that Act to provide a means for the repeated filing of frivolous actions without financial consequences to the prisoner litigant.").

For these reasons, it is **RECOMMENDED** that the Court **DENY** the Motion for Relief from Judgment, ECF No. 18.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in

question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Response to objections must be filed within fourteen (14) days after being served with a copy.

Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and

Recommendation will result in a waiver of the right to *de novo* review of by the District Judge

and waiver of the right to appeal the judgment of the District Court.  Even when timely

objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v.*

*Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report,

which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . .

." (citation omitted)).


Date:  June 26, 2023                              */s/ Elizabeth A. Preston Deavers*
                                                  ELIZABETH A. PRESTON DEAVERS
                                                  UNITED STATES MAGISTRATE JUDGE